UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD RENEE MYLES,<br><br>Defendant. | Case No. 2:17-cr-0259-RFB<br><br>**ORDER** |

Before this Court is Defendant's Emergency Motions for Compassionate Release (ECF Nos. 49 and 52). On October 29, 2020, this Court held a hearing to address this motion with defendant appearing by teleconference at the videoconference proceedings. For the reasons identified at the hearing and those identified in this order, the Court finds that Mr. Myles has established extraordinary reasons for his release based upon his chronic medical conditions and has satisfied the other requirements for his release. The Court therefore GRANTS the Emergency Motion for Compassionate Release.

**I.   BACKGROUND**

On February 1, 2019, the Court sentenced Mr. Myles to 120 months of incarceration. ECF No. 48. The Court further imposed six years of supervised release as to counts one, two and three; eight years as to count four; six years as to counts five and six and four years as to count seven with no supervised release imposed as to count eight with all of these terms running concurrently with each other. Id.

## II. LEGAL STANDARD

Federal law permits a district court to modify a sentence under certain conditions pursuant to 18 U.S.C. §3582(c)(1)(A). Specifically, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Once a motion has been filed, a court may modify a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if the court finds "extraordinary and compelling reasons warrant such a reduction." Id. at §3582(c)(1)(A)(i).

## III. DISCUSSION

The Court incorporates by reference its findings from the hearing on October 29, 2020 into this order.

The Court first finds that Mr. Myles has exhausted his administrative remedies by requesting his release directly from the BOP. ECF No. 52 at 10. The Court further finds that he has established "extraordinary and compelling reason[s]" which qualify him for compassionate release. Mr. Myles has a combination of undisputed underlying conditions which place him at substantial risk of severe medical complications should he become infected with the coronavirus. ECF No. 52 at 9.

The Court also finds upon consideration of the factors under 18 U.S.C. §3553(a) that it would be appropriate for him to be released pursuant to the conditions outlined in this order. The Court finds that under such conditions he would not pose a danger to the community. The Court is familiar with the facts of Myles' case and incorporates by reference the sentencing record. The

Court finds that the period of incarceration that Mr. Myles has endured in conjunction with his continued confinement and punishment upon supervised release is a sufficient sentence to address all of the factors of Section 3553(a).

Based upon a consideration of the entire record in this case, the Court finds that a sentence of time served would be appropriate as to the remaining count of conviction for which Mr. Myles is serving time in prison. The Court will impose the same periods of supervised release. The Court will impose the same conditions of supervised released with the additional conditions set forth in this order.

### IV.     CONCLUSION

For the reasons stated,

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motions Under the FIRST STEP ACT  [ECF Nos. 49 and 52] are GRANTED. Mr. Myles' remaining sentence is reduced to "time served" as to Count Four of his conviction.  The Court shall enter an Amended Judgment with its new sentence in this case.

**IT IS FURTHER ORDERED** that the Defendant Myles shall be released from Bureau of Prisons' (BOP) custody by **5:00 p.m. PST on Friday, November 6, 2020** .

**IT IS FURTHER ORDERED** that BOP provide for Defendant's transfer from Sheraton FCI back to Las Vegas, Nevada, pursuant to 18 U.S.C. 18 U.S.C. § 3624(d), to comply with the Court's Friday, November 6, 2020 release date.

**IT IS FURTHER ORDERED** that Defendant's counsel shall, within 24 hours of this receipt of this order, provide a copy of same to Sheraton FCI so the BOP may immediately arrange Defendant's transportation from Sheraton FCI to Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Defendant shall not be required to report to the U.S. Probation Office in person.  However, within 72 hours of his release, Defendant shall contact the

U.S. Probation Office in Las Vegas, Nevada by telephone to check in. Defendant is required to reside at the Residential Reentry Center, he shall be required to submit to covid-19 testing and reside at the Residential Reentry Center until he receives a negative test result for the covid-19 virus. Thereafter, he shall be required to reside at the home of his mother Eloyce Myles, at her residence in Las Vegas, Nevada, which the Court deems to be an appropriate residence at this time. The Probation Department shall inform the Court of any concerns it has regarding this residence.

The BOP will arrange for Defendant's release and travel from BOP custody prior to his release, and his travel shall take place as soon as Defendant is released from BOP custody. In arranging for his travel the BOP will also pay for Defendant's travel costs and provide him an amount of money not to exceed $100 to travel with, ensure Defendant has proper identification for travel, ensure Defendant has an appropriate supply of his medication and property, and ensure Defendant's travel arrangements include travel directly and all the way up to the Residential Reentry Center in Las Vegas, Nevada from the airport or travel terminal.

**IT IS FURTHER ORDERED** that all other conditions of supervision originally imposed shall remain in effect with the following added conditions:

- **Reside at Residential Reentry Center** – Recommended change to Special Condition 5: Reside at Residential Reentry Center- You must reside at a residential reentry center for a period of up to 30 days upon release from BOP custody. You are to be discharged from the residential reentry center after 14 days with verification of a negative Covid-19 test. Thereafter, you shall reside at the residence of your mother Eloyce Myles.

- **Home Detention** – Upon release from the Residential Reentry Center, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention) for a period of 180 days. You must also establish video monitoring of the entrances to your residence and account for all of the visitors to your residence by specifically identifying them to the Probation Office in a written log that you must submit every two weeks.

- **Home Confinement** – You shall be placed on home confinement after your period of home detention for a period of 365 days. You shall be restricted to your home as directed by the probation officer. You must also establish video monitoring of the entrances to your residence and account for all of the visitors to your residence by specifically identifying them to the Probation Office in a written log that you must submit every two weeks.

- **Search and Seizure- Suspicion-less Search** - You shall submit, at least once every two weeks for the first 180 days of supervision, to the search of your person, property, residence, or automobile under your control for illegal drugs or weapons by the probation officer(s), without a search warrant or the requirement of reasonable suspicion to ensure compliance with respect to these two forms of contraband.

- **Drug Testing** – you must submit to substance abuse testing, at least twice to three times per week for the first 180 days of supervision, and as determined by probation during pandemic, to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

- **Community Service/Employment/Education-Vocational Program** - You must complete 2,000 hours of Community Service or be employed full time, enrolled in an educational/vocational program for a combination of 35 hours per week - to be credited against total hours to be completed while on supervision; to commence within six months of start of probation. You must provide your schedule in advance to the probation officer. The probation officer will supervise the participation in the community service program by approving the program (agency, frequency or community service hours to the probation officer. You must dedicate 200 hours of community service to drug rehabilitation directed toward youth about the perils of being involved in drug distribution.

**DATED: November 4, 2020**.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

5